## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.,* | Bankruptcy Case No. 20-12522 (JTD) |
| Debtors. | |
| SANOFI-AVENTIS U.S. LLC, | |
| Appellant, | |
| v. | C.A. No. 22-216-LPS |
| MALLINCKRODT PLC, *et al*., | Bankr. BAP No. 22-009 |
| Appellees. | |

## RECOMMENDATION

At Wilmington this **22nd** day of **March, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Appellant is sanofi-adventis U.S. LLC and Appellees are Mallinckrodt plc and its affiliated debtors and debtors-in-possession ("Parties").

Appellant originally filed its notice of appeal in this case on February 17, 2022, following the entry of an Opinion and Revised Opinion of Judge John T. Dorsey of the Bankruptcy Court in connection with confirmation of Appellees' joint chapter 11 Plan. On March 2, 2022, the Bankruptcy Court issued an Order confirming the Plan. Appellant filed an amended notice of appeal on March 4, 2022 to include the reference to the Confirmation Order.  D.I. 3.

Appellant has been advised by counsel for the Official Committee of Unsecured Creditors ("UCC"), that it intends to file a motion to intervene as an Appellee in this Appeal.  Appellant has been similarly advised by counsel for the Governmental Plaintiff Ad Hoc Committee, the Future Claims Representative, the Official Committee of Opioid Claimants and the Multi-State Governmental Entities Group.  The Parties reserve all rights regarding any motions to intervene.  As of the date of this Recommendation, no intervention motions have been filed.

Further, Appellant filed a motion for a limited stay and a motion requesting certification of this Appeal for direct consideration by the U.S. Court of Appeals for the Third Circuit with the Bankruptcy Court on March 4, 2022.  By agreement, the deadline for Appellees and UCC to respond to these motions is until March 17, 2022.

In a related, but separate Appeal in this Court, Case No. 22-215-LPS of confirmation of the Plan, was filed by Attestor Limited , on behalf of itself and its

affiliated entities on (collectively the "Acthar Insurance Claimants") who also filed motions with the Bankruptcy Court seeking similar relief, which included a stay pending appeal and direct certification.  By agreement among Appellant, Appellees, UCC and the Acthar Insurance Claimants, a hearing was scheduled to consider Appellant's motions and the Acthar Insurance Claimants' motions in the Bankruptcy Court for March 24, 2022.

The parties are not in agreement as to the prospects of mediation.  Appellant believes that mediation could be worthwhile and advised Appellees that it would be willing to agree to mediation if Appellees agreed to stay this Appeal pending mediation. Given the nature of the relief granted by the Bankruptcy Court and the issues on Appeal, Appellees would not agree to mediate and stay this Appeal since it felt the process would not be worthwhile or productive.

Appellant believes a briefing schedule should be set, while Appellees do not before the certification motion is resolve. Should the Court want to set a briefing schedule, Appellees agree to the following briefing schedule which is consistent with the time frame pursuant to Rule 8018(a) of the Federal Rules of Bankruptcy Procedure and a briefing schedule proposed in Case No. 22-215-LPS:

| | |
|---|---|
| Appellant's Opening Brief | Due on or before **May 2, 2022** |
| Appellees and any party granted leave to intervene as an additional or joint Appellee, Brief(s) | Due on or before **June 1, 2022** |
| Appellant, which may be an omnibus brief or a separate brief to each responsive brief filed by any appellees | Due on or before **June 15, 2022** |

3

Should the motion for certification or direct appeal to the Third Circuit be granted, the parties may seek to revise the briefing schedule in this Court, as appropriate.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.


/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge

4