# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MALLINCKRODT PLC, *et al.*<br><br>Debtors.[1]<br><br>_____ | ) Chapter 11<br>)<br>) Case No. 20-12522 (JTD)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Docket No. 6**<br>)<br>) District Court Case No. 22-cv-00216<br>) Bankruptcy BAP No. 22-09 |

## OBJECTION AND RESERVATION OF RIGHTS OF
## SANOFI-AVENTIS U.S. LLC REGARDING JOINT MOTION TO INTERVENE

sanofi-aventis U.S. LLC ("**Sanofi**"), creditor and appellant in these proceedings, through its undersigned counsel, hereby submits this objection and reservation of rights with respect to the *Joint Motion to Intervene* (the "**Motion**") filed by the Governmental Plaintiff Ad Hoc Committee (the "**GAHC**"), the Future Claimants Representative (the "**FCR**"), the Official Committee of Opioid Related Claimants (the "**OCC**"), and the Multi-State Governmental Entities Group (the "**MGSE Group**" and, collectively with the GAHC, the FCR and the OCC, the "**Proposed Intervenors**") in connection with the above-captioned appeal (the "**Appeal**"), and asks that this Court enter an order denying the Motion, substantially in the form attached hereto as <u>Exhibit A</u>. In support hereof, Sanofi respectfully states as follows:

## BACKGROUND

**A. Procedural History**

1.  The United States Bankruptcy Court for the District of Delaware (the

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

"**Bankruptcy Court**") issued an *Opinion* [D.I. 6347[2]] and a *Revised Opinion* [D.I. 6378] with respect to confirmation of the *Debtors' Fourth Amended Joint Plan of Reorganization of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "**Joint Plan**") [D.I. 6066] on February 3, 2022, and February 8, 2022, respectively.

2.  Sanofi filed a *Notice of Appeal and Statement of Election* [D.I. 6489] with respect to confirmation of the Joint Plan on February 17, 2022, commencing this Appeal.

3.  The Bankruptcy Court issued its *Findings of Fact, Conclusions of Law, and Order Confirming Fourth Amended Joint Plan of Reorganization (with technical modifications) of Mallinckrodt plc and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* (the "**Confirmation Order**") [D.I. 6660] on March 2, 2022.

4.  On March 4, 2022, Sanofi filed in the Bankruptcy Court its *Amended Notice of Appeal and Statement of Elections* [D.I. 6674], *Statement of Issues on Appeal* [D.I. 6676], *Appellant's Designation of Items to be Included in the Record on Appeal* [D.I. 6677], *Motion for Stay Pending Appeal* [D.I. 6685], and a *Motion of Sanofi Aventis U.S. LLC for Certification of Direct Appeal Under 28 U.S.C. § 158(d)(2)* [D.I. 6686]. In both its original and amended notices of appeal, Sanofi listed the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") as appellees, as the Debtors were the only proponents of the Joint Plan.

**B.     The Joint Plan and Issues on Appeal**

5.  The Joint Plan confirmed in the above-referenced cases reflects a multi-billion dollar reorganization of more than sixty Debtor entities, including significant settlements of the Debtors' alleged opioid liabilities and other disputes.

---

[2]  Docket references herein refer to documents filed in the Bankruptcy Court in Case No. 20-12522.

6. Specifically, the Joint Plan includes a comprehensive settlement with a multitude of parties representing current and future opioid liabilities, under which the Debtors will, *inter alia*, make a cash contribution to certain opioid trusts in the amount of $1.725 billion, as well as certain interests in claims arising from a pre-bankruptcy share repurchase program (collectively, the "**Opioid Settlement**").  Sanofi has not appealed or otherwise challenged any aspect of the Opioid Settlement or related provisions of the Joint Plan.

7. The Joint Plan also includes a settlement (the "**UCC Settlement**") reached among the several Debtors and the Official Committee of Unsecured Creditors (the "**UCC**"), appointed as a single official committee in all of the several Debtors' cases, which was incorporated into an amended version of the Joint Plan on September 29, 2021.  Under the UCC Settlement, certain assets, including $135 million in cash plus certain intangible assets will be delivered to and held by a trust (the "**GUC Trust**") for the benefit of Class 6 general unsecured creditors of all Debtors under the Joint Plan.  The UCC Settlement culminates with a distribution, including an *Effective Date* disbursement of approximately $94 million of the $135 million cash component of the UCC Settlement, to certain preferred subclasses within Class 6 (the "**Initial Fixed Distribution**").

8. Sanofi is a Class 6(f) unsecured creditor of at least Debtor Mallinckrodt Pharmaceuticals Ireland Limited ("**MP Ireland**").  Class 6(f) creditors under the MP Ireland plan voted to reject the Joint Plan.  The Debtors, therefore, sought to confirm the MP Ireland plan under section 1129(b) of the Bankruptcy Code, to which Sanofi and other Class 6(f) creditors against MP Ireland objected.

9. Sanofi has appealed the Bankruptcy Court's confirmation of the Joint Plan, and in particular the MP Ireland plan, with respect to the allocation of the UCC Settlement,

including the Initial Fixed Distribution.  Further, and as explained in its *Motion for Stay Pending Appeal* filed with the Bankruptcy Court,[3] Sanofi does not seek reversal of confirmation of the entirety of the Joint Plan, nor does Sanofi challenge any other aspect of the Joint Plan.  Sanofi merely asks that proposed manner of allocating the proceeds of the UCC Settlement, including the Initial Fixed Distribution, be rejected and the proceeds of the UCC Settlement be distributed to holders of Class 6 Claims in accordance with the requirements of the Bankruptcy Code, including that claims against the Debtors first be reconciled or that an appropriate disputed claims reserve be established.

10. Sanofi also appeals apparent determinations by the Bankruptcy Court in its Revised Opinion regarding the "validity" of an amended proof of claim filed by Sanofi against MP Ireland, allowance of which was not before the Bankruptcy Court and as to which the Bankruptcy Court was divested of jurisdiction due to a related pending appeal.

11. Critically, Sanofi does not challenge or appeal any aspect of the Opioid Settlement or related provisions of the Joint Plan.  Resolution of this Appeal will have no impact on the Opioid Settlement, nor any party's recovery from the proceeds of the Opioid Settlement.

12. The GAHC consists of "(i) seven States, and (ii) the court-appointed Plaintiff's Executive Committee in the multi-district litigation captioned *In re National Prescription Opiate Litigation*, Case No. 17-md-02804 (N.D. Ohio).  *See Governmental Plaintiff Ad Hoc Committee's Reply to Plan Objections* ("**GAHC Reply**") [D.I. 5006], at p.1.  As set forth in the GAHC Reply, the Debtors and the GAHC are parties to certain opioid-related settlements embodied in the Joint Plan, and the GAHC accordingly has an interest in the Opioid Settlement.

---

[3]  A copy of the *Motion for Stay Pending Appeal* that was filed with the Bankruptcy Court is attached hereto as <u>Exhibit B</u>.  The Bankruptcy Court held a hearing on the *Motion for Stay Pending Appeal* on March 24, 2022, and issued an oral ruling denying the motion, though an order has not yet been docketed.  Sanofi reserves the right to seek a stay pending appeal from this Court.

On information and belief, the GAHC does not represent any interests in Class 6 of the Joint Plan, who are the beneficiaries of the UCC Settlement. The GAHC is also not a party to the UCC Settlement. Finally, the GAHC is not a creditor of, nor does it represent any creditors of, Debtor MP Ireland.

13. The FCR was appointed "to protect the rights of Future Opioid PI Claimants." *See Response of the Future Claimants' Representative to Objection to Confirmation of the First Amended Joint Plan of Reorganization of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 4986], at p.1. The Future Opioid PI Claimants' interests are limited to the Opioid Settlements and related provisions of the Joint Plan, but have nothing to do with the UCC Settlement. The Future Opioid PI Claimants are not creditors in Class 6 of the Joint Plan nor beneficiaries of the UCC Settlement. Neither the FCR nor the Future Opioid PI Claimants are parties to the UCC Settlement. The FCR is not a creditor of, nor does it represent any creditors of, Debtor MP Ireland.

14. The OCC is a "fiduciary body that was appointed . . . to represent the interests of all unsecured creditors who hold claims arising directly or indirectly from exposure to the Debtors' opioid products or the Debtors' role in perpetuating the opioid crisis." *See Declaration of Michael Atkinson in Support of the Statement of the Official Committee of Opioid Related Claimants in Support of Confirmation of the First Amended Joint Plan of Reorganization of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 5011], at p.5. The OCC's interests are limited to the Opioid Settlement and related provisions of the Joint Plan, but have nothing to do with the UCC Settlement. Unsecured creditors with claims related to opioid products or the Debtors' role in perpetuating the opioid crisis are not creditors in Class 6 of the Joint Plan and are not beneficiaries of the UCC Settlement. Neither

the OCC nor the opioid-related claimants it represents are parties to the UCC Settlement. The OCC is not a creditor of, nor does it represent any creditors of, Debtor MP Ireland.

15. The MGSE Group "consists of approximately 1,300 cities, counties, tribal nations, and other local government entities" many of whom were involved in pre-petition litigation with the Debtors related to the opioid epidemic. *See The Multi-State Governmental Entities Group's (I) Joinder in the Relief Sought in the Debtors' Omnibus Reply to Disclosure Statement Objections and (II) Response to Certain Objections to Debtors' Disclosure Statement* [D.I. 2826], at p. 2. The MGSE Group's interests are limited to the Opioid Settlement and related provisions of the Joint Plan, but have nothing to do with the UCC Settlement. The cities, counties, tribal nations and other local governmental entities with opioid-related claims are not creditors in Class 6 of the Joint Plan and are not beneficiaries of the UCC Settlement. Neither the MGSE Group nor the opioid-related claimants it represents are parties to the UCC Settlement. The MGSE is not a creditor of, nor does it represent any creditors of, Debtor MP Ireland.

16. The Proposed Intervenors filed the instant Motion on March 21, 2022, requesting to intervene in Sanofi's Appeal pursuant to Rule 8013(g) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## OBJECTION

A. **Bankruptcy Rule 8013(g)**

17. Bankruptcy Rule 8013(g) requires that an entity seeking to intervene in an appeal must move for leave to intervene, and "must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the proceeding, and why participating as amicus curiae would not

be adequate." Fed. R. Bankr. P. 8013(g).

### B. The Motion Should be Denied

18. This Court should deny the Motion because none of the Proposed Intervenors have any interest in the matters at issues in this Appeal. This Appeal challenges only the allocation and distribution of the proceeds of the UCC Settlement and the Bankruptcy Court's statements regarding the validity of Sanofi's amended proof of claim filed against Debtor MP Ireland.  None of the Proposed Intervenors were a party to the UCC Settlement, nor are they beneficiaries or representatives of beneficiaries of the UCC Settlement.  Likewise, none of the Proposed Intervenors are creditors of Debtor MP Ireland, nor have they requested disallowance of otherwise challenged Sanofi's amended proof of claim against MP Ireland.

19. Instead, the Proposed Intervenors all represent opioid-claimants and potential future opioid-claimants. The Proposed Intervenors all have interests in connection with the Opioid Settlement, not the UCC Settlement and certainly not how the proceeds of the UCC Settlement will be allocated.  While the Debtors' settlements of alleged opioid liabilities are clearly a critical component of the Joint Plan, Sanofi does not challenge any aspect of the Opioid Settlement nor does it ask that any opioid-related provision of the Joint Plan be reversed, stayed or otherwise affected in any way.  Sanofi only asks that the assets that the Debtors and the UCC agreed to set aside for Class 6 unsecured creditors – in which none of the Proposed Intervenors have any interest whatsoever – be allocated in accordance with the requirements of the Bankruptcy Code, and not as devised by the UCC's professionals following its negotiations with the UCC's committee members.

20. The Proposed Intervenors have no interest in how the UCC Settlement proceeds will be allocated and distributed, and thus have no interest in this Appeal.  To the extent any of

the Proposed Intervenors believe that they can assist the appellate courts in connection with this Appeal, beyond what the Debtors will already do, then they should request leave to submit a brief as amicus curiae pursuant to Bankruptcy Rule 8017.

21. Because the Proposed Intervenors have no interest in this Appeal or could be adequately protected by seeking to submit a brief as amicus curiae, the Motion should be denied, and the Proposed Intervenors should not be permitted to intervene in this Appeal.

22. Sanofi also objects to the Proposed Intervenors' intervention because such intervention will only add unnecessary cost and delay to this Appeal. Notably, from a review of the fee applications filed in the Debtors' bankruptcy cases, all of the Proposed Intervenors' professional fees are paid by the Debtors' bankruptcy estates, unlike Sanofi, which has to pay its own legal fees. In addition to unnecessarily increasing the fees for Sanofi, who would be required to respond to briefs from all of the Proposed Intervenors despite their collective lack of interest in the outcome of this Appeal, permitting such intervention would also multiply the professional fees charged to the Debtors' estates by several orders of magnitude for no reason.

### C. Reservation of Rights

23. Sanofi reserves all other rights with respect to the Proposed Intervenors' proposed intervention in this or any other appeal, as well as with respect to any other party that may seek to intervene in this or any other appeal.

**WHEREFORE,** based on the foregoing, Sanofi respectfully requests that this Court enter an order, in substantially the form submitted herewith, denying the Motion and granting such other and further relief as is just and proper.

Dated: March 28, 2022                     **DLA PIPER LLP (US)**

                                                                                 */s/ Stuart M. Brown*
                                                     Stuart M. Brown (DE #4050)
                                                     Aaron S. Applebaum (DE #5587)
                                                     1201 North Market Street, Suite 2100
                                                     Wilmington, Delaware 19801
                                                     Telephone:     (302) 468-5700
                                                     Facsimile:       (302) 394-2341
                                                     Email: stuart.brown@us.dlapiper.com
                                                                                 aaron.applebaum@us.dlapiper.com

                                                     - and -

                                                     Jason Hopkins (TX 24059969)
                                                     1900 North Pearl Street
                                                     Suite 2200
                                                     Dallas, Texas 75201-2482
                                                     Telephone:     (214) 743-4546
                                                     Email: jason.hopkins@us.dlapiper.com

                                                     *Attorneys for sanofi-aventis U.S. LLC*